**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CYNTHIA PAGAN PRORRATA, ANIBAL JIMENEZ, DANIEL CUMBAS APONTE, ROBERTO SANTOS TORRES, CARLOS MORALES FIGUEROA, LUIS ORTIZ OJEDA, and their respective conjugal partnerships<br><br>Plaintiffs,<br><br>vs.<br><br>EL MUNICIPIO DE GUAYNABO, PUERTO RICO, INSPECTOR WILFREDO MARTINEZ HERNANDEZ, in his official capacity<br><br>Defendants. | Case No. 17-<br><br>PLAINTIFFS' COMPLAINT AND JURY DEMAND |

## COMPLAINT

Plaintiffs, Cynthia Pagan Prorrata, Anibal Jimenez, Daniel Cumbas Aponte, Roberto Santos Torres, Carlos Morales Figueroa, and Luis Ortiz Ojeda, and their respective conjugal partnerships (collectively "Plaintiffs"), by and through their counsel of record, bring their claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and in accordance with the Puerto Rico Wage Payment Statute, 29 Code §§ 271, *et seq.* against Defendants, El Municipio de Guyanabo, and Inspector Wilfredo Martinez Hernandez in his official capacity. Plaintiffs allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and based upon the investigation made by their counsel, as follows:

1

## PARTIES

1. At all relevant times, starting on August 4, 2012, Cynthia Pagan Prorrata, worked as an hourly paid, non-exempt canine unit police officer (hereinafter "officer") for Defendants Municipio de Guaynabo and Inspector Martinez in Guaynabo City, Puerto Rico during the applicable statute of limitations period, which has not begun to run because defendants violated their obligation to post information about the canine officers' rights to overtime pursuant to the Fair Labor Standards Act. Officer Pagan's employment with Defendant began nearly 5 years ago, and she continues in her position.

2. At all relevant times, starting in June 2013, Anibal Jimenez worked as an hourly paid, non-exempt canine unit officer (hereinafter "officer") for Defendants Municipio de Guaynabo and Inspector Martinez in Guaynabo City, Puerto Rico during the applicable statute of limitations period, which has not begun to run because defendants violated their obligation to post information about the canine officers' rights to overtime pursuant to the Fair Labor Standards Act. Officer Jimenez became an officer four years ago, and he continues in his position.

3. At all relevant times, staring on August 4, 2012, Daniel Cumbas Aponte worked as an hourly paid, non-exempt canine unit officer (hereinafter "officer") for Defendants Municipio de Guaynabo and Inspector Martinez in Guaynabo City, Puerto Rico during the applicable statute of limitations period, which has not begun to run because defendants violated their obligation to post information about the canine officers' rights to overtime pursuant to the Fair Labor Standards Act. Officer Cumbas became an officer nearly five years ago, and he continues in his position.

4. At all relevant times, starting in September 2014, Roberto Santos Torres worked as an hourly paid, non-exempt canine unit sergeant (hereinafter "officer") for Defendants Municipio de Guaynabo and Inspector Martinez in Guaynabo City, Puerto Rico during the applicable statute of limitations period, which has not begun to run because defendants violated their obligation to post information about the canine officers' rights to overtime pursuant to the Fair Labor Standards Act. Officer Santos became an officer nearly three years ago, and he continues in his position.

5. At all relevant times staring in May of 2016 Carlos Morales Figueroa worked as an hourly paid, non-exempt canine unit officer (hereinafter "officer") for Defendants Municipio de Guaynabo and Inspector Martinez in Guaynabo City, Puerto Rico during the applicable statute of limitations period, which has not begun to run because defendants violate their obligation to post information about the canine officers' rights to overtime pursuant to the Fair Labor Standards Act. Officer Morales began to work in the canine unit more than a year ago, and he continues to work there.

6. At all relevant times from March 2015 to March 2016 Luis Ortiz Ojeda worked as an hourly paid, non-exempt canine unit officer (hereinafter "officer") for Defendant Municipio de Guaynabo and Inspector Martinez in Guaynabo City during the applicable statute of limitations period, which has not begun to run because defendants violate their obligation to post information about the canine officers' rights to overtime pursuant to the Fair Labor Standards Act. Officer Rivera became an officer on March 26, 2015 and although he resigned from the canine unit on March 23, 2016, he continues to work for the Guaynabo City municipal police.

7. Defendant Municipio de Guaynabo is or was plaintiffs' employer.

8. Defendant Wilfredo Martinez Hernandez holds the rank of inspector in the Guaynabo City Police Department. Upon information and belief, in his official capacity this individual supervises one or more Human Resources Departments, is involved in the day to day business operations of Defendants, and has authority to hire and fire employees, the authority to direct and supervise the work of employees, including the Plaintiffs in this case, and the authority to make decisions regarding wage and hour classifications, including the decisions to as to employee compensation and capital expenditures. At all relevant times, this individual acted and had responsibility to act on behalf and in the interests of one or more of the Defendants in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the decision to not pay Plaintiffs for time and an overtime premium as required by the FLSA. As such, at all times hereinafter mentioned, this individual has been and is an "employer" as defined by the FLSA, 29 U.S.C § 203(d), and Puerto Rico Code §§ 29 L.P.R.A. 271 *et seq*. On information and belief, Mr. Martinez Hernandez is married to Jane Doe, with whom he forms a conjugal partnership.

9. At all times relevant times, Defendants, were and are doing business in Puerto Rico.

## JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *Id*.

11. This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. §1331.

12. This Court has supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. § 1367 because such claims derive from a common nucleus of operative facts.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because the Defendants conduct business within this judicial district. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this judicial district.

14. This Court has personal jurisdiction over the Defendants as a result of the following during the relevant time period:

    a. Defendants have continuously, regularly, permanently, purposively, and systematically engaged in a course of business, and has otherwise been present, within Puerto Rico (availing itself of the legal privileges of doing business within Puerto Rico) by maintaining, possessing, and operating a municipality within Puerto Rico and entering into contracts with individuals (including canine unit police officers and sergeants) within Puerto Rico to provide employment services at its municipality.

    b. The statutory violations alleged herein involving canine unit police officers who have worked at Defendants' municipal canine unit have arisen directly from, and are substantially related to, Defendants' transacting of business and contracting within Puerto Rico, namely contracting with, employing, and otherwise doing business with Plaintiffs.

    c. Defendants committed the statutory violations alleged herein involving hourly paid police officers who have worked at Defendants' Puerto Rico canine unit and have caused such employees to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm, within Puerto Rico; Defendants have regularly done and solicited business within Puerto Rico and derived substantial revenue from services rendered, within Puerto Rico; Defendants used and possessed and/or leased real property within Puerto Rico; and, Defendants derived substantial revenue from interstate commerce.

15. Defendants are "employers" and Plaintiffs are "employees" under the FLSA and Puerto Rico Code §§ 29 L.P.R.A. 271, *et seq.*.

## FACTUAL BACKGROUND

16. Plaintiffs are individuals who were employed by Defendants as full time, hourly paid, 35-hours-a-week police officers or other similarly titled positions. Plaintiffs all shared

5

similar job titles, pay plans, job descriptions, job duties, and hours of work amongst other things.

17. Defendants managed Plaintiffs' work, including the amount of time Plaintiffs worked and how that time was recorded. Defendants dictated, controlled, and ratified the wage-and-hour and all related employee compensation policies.

18. Defendants uniformly and centrally disseminated their wage-and-hour practices and policies.

19. Plaintiffs were classified by Defendants as non-exempt under Puerto Rico wage and hour laws and the FLSA and paid an hourly rate.

20. Defendants generally only paid for scheduled time, and did not record or pay for all time actually worked by Plaintiffs.

21. Defendants required, suffered, and permitted Plaintiffs to regularly work more than their scheduled time per workweek without proper compensation by:

    a. encouraging, suffering, and/or permitting Plaintiffs to perform work after hours caring for their police dogs; and,

    b. encouraged, suffered, and/or permitted Plaintiffs to regularly work more than their scheduled time per week, which generally consisted of more than 14 hours, without proper compensation.

22. Defendants failed to maintain accurate records of all time worked by Plaintiffs.

23. Defendants knew and were aware at all times that Plaintiffs routinely worked more than their scheduled time because its agents and employees dictated, directed, and controlled the unpaid work. Nonetheless, Defendants failed to properly pay Plaintiffs for all time actually worked.

24. Defendants' practices violated the provisions of the FLSA and Puerto Rico Wage Payment Statute, Puerto Rico Code §§ 29 L.P.R.A. 171, *et seq.*. As a result of Defendants' unlawful practices, Defendants benefited from reduced labor and payroll costs.

25. Plaintiffs were subject to Defendants' uniform policies and practices and were victims of Defendants' schemes to deprive them compensation. As a result of Defendants' improper and willful failure to pay Plaintiffs in accordance with the requirements of the FLSA and Puerto Rico Statute, Plaintiffs suffered lost wages and other damages.

## FACTS LEADING UP TO THE FILING OF THIS LAWSUIT

26. All of plaintiffs' job duties including the training, care and handling of the dogs they use in their work.

27. Plaintiffs wake up every morning – whether they are scheduled to work or not – and take their dogs out to train them. Plaintiffs reported to work for their normally scheduled shift with their dogs and spent their entire shift working with their dogs. At the end of each shift, plaintiffs returned to their homes with their dogs, and their dogs lived with them at their homes as defendants required.

28. In addition to their regularly scheduled hours of work, plaintiffs spent time in connection with the care of their dogs, including feeding, watering, grooming, bathing, frequently with medication, exercising, cleaning up after, transporting, training, and bonding with their dogs both before and after punching in to work.

29. Defendants require the police dogs to live at the canine officers' homes so that the necessary bonding can be achieved because the dogs' response to commands must be

instantaneous in the life threatening situations which the officers confront in the course of their work.

30. When the officers get up in the morning, they each take the dog assigned for a morning run; they train the dog: and they feed the dog. As defendants know, this takes about an hour.

31. When the officers arrive at the precinct for their shifts, which is at least 15 minutes and frequently 30 minutes before they punch in, they walk the dogs again before returning them to their kennels when the officers punch the clock.

32. At the end of their shifts, the officers take the dogs home with them, walk them when they return to their homes, feed them, and walk them a final time before going to bed.

33. Prior to April 2016, plaintiffs spent at least two hours of uncompensated time caring for their dogs, as defendants required.

34. Since April 2016, only one half hour of the two hours defendants require defendants to tend to their dogs a day is compensated.

35. Since April 2016 to the present, he officers spend at least an hour and a half a day of unpaid time caring for their dogs during the workweek.

36. On the weekends, the officers have to clean the kennels and the vehicles where the dogs spend a large percentage of their time. They bathe the dogs and provide them with whatever medications are necessary, including special baths for fleas and ticks. None of the officers are compensated for any of this work.

37. Because defendant requires each plaintiff to maintain the special vans equipped to hold the canine kennels in condition to also hold the officers' police equipment, such as

8

handcuffs, their handguns, and batons, which must be cleaned of the mud, fur, grass, and even blood that can cover them after the interventions conducted by the officers and the dogs, plaintiffs spend 2 ½ to 3 hours each weekend day working without being paid.

38. Even though plaintiffs are the primary caretakers for the health needs of their canine charges, on information and belief, the Municipio de Guaynabo pays a veterinarian $35,000 a year to take care of the five dogs in the Guaynabo canine unit.

39. The canine unit provides support to the rest of the municipal police force and even provides revenue through the work they perform at the United Postal Service, where the municipality receives a bounty of 15% of the illicit funds the officers confiscate.

40. From the date each officer began working in the canine unit until the present, plaintiffs – with exception of Officers Ortiz, who did so until March 23, 2016 - performed the duties described in the preceding paragraphs in addition to their regularly scheduled hours of work without being paid for their time.

41. Defendants did not compensate plaintiffs for their time spent in connection with the care, training, and handling of their dogs in addition to their regularly scheduled work hours.

42. Plaintiffs requested that defendants compensate them for the time in which they performed duties caring for, training their dogs in addition to their regularly scheduled work hours.

43. Defendants initially refused, but when the Wage and Hour Division of the United States Department of Labor got involved on plaintiffs' behalf, Defendant compensated plaintiffs for a nominal amount of unpaid straight time and overtime they were owed pursuant to the Fair Labor Standards Act.

44. No one from the United States Department of Labor or in representation of defendants ever asked any plaintiff how much uncompensated time he or she worked.

45. No one conducted time studies to determine how much uncompensated time each plaintiff worked training, bathing, exercising, and medicating their dogs and maintaining their kennels and vehicles in the sanitary conditions for the canine officers to execute their duties effectively.

46. Defendants never explained the amount paid, and plaintiffs did not release defendants for their unsatisfied claims.

47. Despite defendants' recognition that it had to compensate plaintiffs for the all work they performed in caring for the dogs for the benefit of defendants, defendants only paid a nominal sum of money for that work. For example, Officer Ortiz received a check for $66.26 on April 19, 2016.

48. During his tenure as canine officer, Officer Ortiz earned $1,914 a month because he came from Toa Baja where the officers make that amount. That is, Officer Ortiz earned $12.61 an hour or $18.91 for overtime pay at time and a half. The payment Officer Ortiz received as a result of the USDoL would have been for just three and a half hours of overtime, even though Officer worked more than five hours of unpaid straight time and nine hours of unpaid overtime every week.

49. The remaining officers in the canine unit earned $2,010 a month.

50. All plaintiffs worked at least 49 hours every week, but they were only paid for 35 hours. Nine of those hours are unpaid overtime hours, and five are unpaid straight time.

51. After the USDoL "settlement", defendants began paying plaintiffs for 37.5 hours a week, that is, at least 11.5 hours less than the officers actually worked.

52. In the year Officer Ortiz worked in the canine unit, he worked at least 468 overtime hours, given that the law requires that his worktime caring for and training his dog and his vehicle be included. All of the other canine officers also worked at least 468 hours of overtime annually.

53. Thus, for the year 2015 to 2016, Officer Ortiz should have received $3,278.60 in additional straight time pay, and at least $11.802.96 in overtime pay and probably much more as, is likely, he worked more overtime than the basic amount due to the training and maintenance of the dogs and the vehicles.

54. Thus, defendants knowingly violated and continue to violate the Fair Labor Standards Act.

55. Despite whatever the terms were of the settlement agreement with the USDoL, defendants still fail to post the Fair Labor Standards Act notice in the precinct where plaintiffs work.

56. After making only a nominal payment, defendants adjusted plaintiffs' work day so that one half hour is accredited to taking care of the canine officers in their custody, when plaintiffs spend at least a two hours a day doing so.

57. Defendants still fail to pay plaintiffs any compensation whatsoever for the time they spend caring for, training, grooming, and treating the dogs on the weekends and their days off, even though defendants require plaintiffs to perform such work. Defendants even prohibit plaintiffs from traveling without special permission on their days off because defendants know that plaintiffs have to perform work functions with their canine charges on those days.

58. This is not the 1 hour- 6 hours -1 hour daily arrangement that the USDoL approved for Puerto Rico State police officers. Docket 15 of 16-2849. Exhibit 1.

59. The Consent Judgment in the USDoL's settlement with the government of Puerto Rico as to state police officers also specifically provides that the officers are to be paid for two hours of work on their days off, unless such work exceeds two hours, in which case they are to be paid for the amount of time worked. *Id.*

60. Defendants pay plaintiffs $2,010.00 a month.

61. Based on the representation that plaintiffs work 35 hours a week, plaintiffs' hourly wage should be $13.25/hour.

62. The overtime rate of time and a half pursuant to the FLSA is $21.85.

63. Nonetheless, defendants are not paying plaintiffs for at least 14 hours of work a week.

64. Based on those minimum calculations, defendants owe plaintiffs $145.70 in underpayments per week in straight time and $196.69 per week in overtime.

65. The penalties double these amounts.

66. These amounts will continue to accumulate until defendants begin to comply with the law.

## COUNT I

### UNPAID WAGES UNDER THE FLSA

67. Plaintiffs reallege and incorporate the above paragraphs of this Complaint as if fully set forth herein.

68. Plaintiffs assert claims for unpaid work pursuant to the FLSA, 29 U.S.C. §201 *et seq.*

69. At all times relevant, Defendants were an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. §203(s).

70. At all times relevant, Defendants were an "employer" within the meaning of Sec. 3 (d), 29 U.S.C. §203(d).

71. At all times relevant, Plaintiffs were "employees" as defined by Sec. 3 (e), 29 U.S.C. §203(e).

72. At all relevant times, Plaintiffs were entitled to rights, benefits, and protections granted by the FLSA, 29 U.S.C. §201, *et seq.*

73. Defendants did not pay Plaintiffs for all hours worked in a week from the time each of them began working with the canine unit in violation of the maximum-hours provision of the FLSA, 29 U.S.C. §207(a).

74. At all relevant times, Defendants' conduct of not paying premium pay to Plaintiffs for all hours worked over the legal amount in a week was willful in that, among other things:

   a. Defendants knew or should have known that the FLSA required it to pay time and one-half for all hours worked over the legal amount;

   b. Defendants failed to maintain true and accurate time records; and,

   c. Defendants dictated, directed, and controlled the unpaid work.

75. As a direct and proximate result of the above-alleged conduct, Defendants violated the FLSA.

76. As a direct and proximate result of the above-alleged conduct, Plaintiffs are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. §216.

## COUNT II

## VIOLATION OF THE PUERTO RICO STATUTE

77. Plaintiffs reallege and incorporate the above paragraphs as if fully set forth herein.

78. Puerto Rico Code 29 L.P.R.A. §173, *et seq.* requires employers to pay their employees for all hours worked. Puerto Rico Code further provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, liquidated damages of an amount equal to the amount owed, costs, attorney's fees, and other appropriate relief. Puerto Rico Code 29 L.P.R.A. § 177.

79. Defendants violated Puerto Rico Code § 173, by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable time and failing to do so in the time required by law.

80. Defendants willfully failed to pay Plaintiffs for time worked.

81. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages, and other damages, all in excess of the jurisdictional minimum.

## COUNT III

## VIOLATION OF THE PUERTO RICO CONSTITUTION AND STATUTE AS TO UNPAID OVERTIME, NOT PROVIDING 16 HOURS BETWEEN SHIFTS

82. Plaintiffs hereby re-allege and incorporate the above paragraphs as if fully set forth herein.

83. Article II, Section 16 of the Puerto Rico Constitution provides that no worker shall work more than eight hours per day, and 29 L.P.R.A. § 273(a) defines overtime as

"the hours that an employee works for an employer in excess of eight (8) hours during any period of twenty-four consecutive hours."

84. Defendant violated Article II, Section 16 of the Puerto Rico Constitution and 29 L.P.R.A. 273(a), by regularly and repeatedly failing to properly compensate Plaintiffs for all their compensable overtime actually worked and failing to do so in the time required by the Constitution and 29 L.P.R.A. 273 (a). "The right of every employee to choose his occupation freely and to resign therefrom is recognized, as is his right to equal pay for equal work, to a reasonable minimum salary, to protection to his health or person in his work or employment, and to an ordinary work-day which shall not exceed eight hours. An employee may work in excess of this daily limit only if he is paid extra compensation as provided by law, at a rate never less than one and one-half times the regular rate at which he is employed.

85. When Plaintiffs worked more than eight hours on the first day of their workweeks, and more than eight hours each subsequent day, the entire subsequent day should have been paid at time and one-half.

86. Defendant willfully failed to pay overtime pay to Plaintiffs.

87. As a direct and proximate result of Defendant's unconstitutional and illegal conduct, Plaintiffs have suffered and will continue to suffer lost wages, including overtime compensation, and other damages, including statutory penalties and attorneys' fees, all in excess of the jurisdictional minimum.

**PRAYER FOR RELIEF**

15

**WHEREFORE**, Plaintiffs, individually, and on behalf of all others similarly situated demand judgment against Defendants in a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of their damages the costs of this action and as follows:

    A.    Declare and find that the Defendants committed one or more of the following acts:

        i.    Violated the FLSA by failing to pay wages to Plaintiffs; and,

        ii.    Willfully violated the FLSA;

    B.    Award judgment in favor of Plaintiffs for an amount equal to Plaintiffs' unpaid back wages pursuant to the applicable rates from the time each began to work in the canine unit until the plaintiff either ceased work there or until payment is made;

    C.    Award Plaintiffs liquidated damages in accordance with the FLSA;

    D.    Award prejudgment interest, to the extent liquidated damages are not awarded;

    E.    Award all legal and equitable relief available under Puerto Rico Code, 29 L.P.R.A. 171 *et seq.*;

    F.    Award all legal and equitable relief available under 29 L.P.R.A. §273;

    G.    Award Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and applicable state laws;

    H.    Award pre- and post-judgment interest and court costs as further allowed by law;

    I.    Grant Plaintiffs leave to add additional plaintiffs by motion, the filing of written consent forms or any other method approved by the Court;

    J.    Award compensatory damages, including all pay owed, in an amount according to proof;

K. Grant leave to amend to add claims under applicable state and federal laws;

L. Enjoin defendants from future violations of the FLSA, 29 L.P.R.A. § 171, *et seq.* and 29 L.P.R.A. §273, and,

M. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand trial by jury.

Dated: July 14, 2017                               Respectfully Submitted,

**LAW OFFICES OF
JANE BECKER WHITAKER**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel. 787-754-9191
Fax 787-764-3101
janebeckerwhitaker@yahoo.com
janebeckerwhitaker@gmail.com


/S/ JANE BECKER WHITAKER
**JANE BECKER WHITAKER
USDCPR BAR NUMBER 205110**

s/Jean Paul Vissepo Garriga
**JEAN PAUL VISSEPÓ GARRIGA**
USDC 221504
PO Box 3671116
San Juan, PR 00936
Tel. 787 633-9601
jp@visseppolaw.com


**ATTORNEYS FOR PLAINTIFFS**