IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Cynthia Pagán-Porratta, et al., **Plaintiffs**, vs. Municipality of Guaynabo, et al., **Defendants**. | CIVIL NO: 17-1961 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, District Judge

Pending before the Court is Plaintiffs' *Motion for Reconsideration* ("*Reconsideration*") (Docket No. 48). Plaintiffs request that the Court reconsider its Opinion and Order granting Defendants' *Motion for Summary Judgment* and the ensuing *Judgment* dismissing all of Plaintiffs' claims. (Docket Nos. 46 and 47, respectively). Defendants in turn filed a *Response in Opposition to Plaintiffs' Motion for Reconsideration* ("*Opposition*") (Docket No. 49). Lastly, Plaintiffs filed a Reply to Opposition to Motion for Reconsideration ("*Reply to Opposition*"). (Docket No. 52). For the reasons stated below, the Court **DENIES** Plaintiffs' *Reconsideration*.

I. **FACTUAL BACKGROUND**

On July 14, 2017, Cynthia Pagán-Porrata ("Pagán-Porrata"), Aníbal Jiménez-Haddock ("Jiménez-Haddock"), Daniel Cumbas-Aponte

("Cumbas-Aponte"), Roberto Santos-Torres ("Santos-Torres"), Carlos Morales-Figueroa ("Morales-Figueroa"), Luis Ortiz-Ojeda ("Ortiz-Ojeda"), and their respective conjugal partnerships (collectively, "Plaintiffs"), filed a *Complaint* against the Municipality of Guaynabo and Wilfredo Martínez Hernández, now Victor Franco, in his official capacity as Police Commissioner of the Guaynabo Municipal Police Department (collectively, "Defendants" or "Municipality"). (Docket No. 1). Plaintiffs alleged that Defendants violated the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201, *et seq*. Id. at 12-13. They also invoked supplemental jurisdiction due to violations of local labor laws and the Puerto Rico Constitution. Id. at 14-15. During the relevant time-frame (starting on or around August 2012), Plaintiffs worked as canine unit officers and were purportedly not compensated for overtime work performed.[1] Therefore, they specifically request overdue payment for the alleged fourteen (14) hours spent taking care of their dogs outside of "working hours." (Docket No. 25 ¶ 63).

Defendants denied the allegations in their *Answer to the Complaint* and subsequently filed a *Motion for Summary Judgment* on October 4, 2018. (Docket Nos. 11 and 27). On August 27, 2019, this

---

[1] The end-date may vary as some of the Plaintiffs have since resigned from the canine unit. Ortiz-Ojeda resigned on March 23, 2016, Cumba-Aponte on July 6, 2018 and Jiménez-Haddock on February 15, 2018. Plaintiffs admitted all the resignations. (Docket No. 35 ¶¶ 42, 51 and 77). However, Pagan-Porrata, Santos-Torres and Morales-Figueroa continue working in the canine unit.

Court granted Defendants' *Motion for Summary Judgment*. (Docket No. 46). Accordingly, the Court also issued a *Judgment* dismissing all of Plaintiffs' claims. (Docket No. 47).

Plaintiffs' filed their *Reconsideration* on September 23, 2019, stating that the Court's Opinion and Order at Docket No. 46 deprives them of their overtime compensation. (Docket No. 48 at 2-6). They also claim the Court erred by failing to recognize "the value of compensatory time as a material fact [as to all Plaintiffs] and its failure to credit Officer Pagán-Porrata's statement." Id. at 8. To wit, they state that pursuant to Fed. R. Evid. 602, no additional testimony was needed to confirm Pagán-Porrata's statement. Likewise, they requested that the Court order Defendants to recalculate Plaintiffs' overtime hours with an "accurate arithmetic." Id. at 4. Lastly, Plaintiffs contend that the Court erred in determining that Pagán-Porrata's Unsworn Statement Under Penalty of Perjury was a sham affidavit. Id. at 10. Defendants filed their *Opposition* to Plaintiff's *Reconsideration* on October 4, 2019. (Docket No. 49). Plaintiffs likewise filed a *Reply to Opposition* on October 11, 2019 (Docket No. 52).

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. Consequently, a motion which asks "the court to modify its earlier disposition of a case

because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005); *see also* United States v. Pérez-Greaux, 382 F.Supp.3d 177, 178 (D.P.R. 2019). According to the First Circuit, reconsideration is "an extraordinary remedy which should be used sparingly." U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (internal quotation omitted). Thus, a district court may **only** grant a reconsideration if there is a "manifest error of law, [...] newly discovered evidence, or in certain other narrow situations [such as a change in controlling law]." United States v. Peña-Fernández, 2019 WL 3716472, at *2 (D.P.R. 2019) (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)).

Indeed "[w]hen the motion **simply regurgitates contentions that were previously made and rejected, the movant has no legal basis to insist upon reconsideration**." Liu v. Mukasey, 553 F.3d 37, 39 (1st Cir. 2009); *see also* Santa Cruz-Bacardi v. Metro Pavia Hospital, Inc., 2019 WL 44553620, at * 2 (D.P.R. 2019) (quotation omitted) (emphasis added) ("A motion for reconsideration "**is unavailable if said request simply brings forth a point of disagreement between the court and the litigant.**") Further, it may not be brought by a losing party to "raise legal theories that should have been raised earlier." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, 2018 WL 9412924, at *6

(D.P.R. 2018) (citation omitted). Hence, a reconsideration does "not provide a vehicle for a party to undo its own procedural failures." Peña-Fernández, 2019 WL 3716472, at *2 (quotation omitted).

### III. ANALYSIS

Plaintiffs failed to show a manifest error of law, newly discovered evidence or any other circumstance which would warrant reconsideration of the Court's Opinion and Order. *See* Peña-Fernández, 2019 WL 3716472, at *2. In their *Reconsideration*, Plaintiffs contend they are due compensation for the overtime work performed in light of Defendants miscalculations of hours. (Docket No. 48 at 4). Moreover, Plaintiffs assert that they never claimed they were denied *cash* compensation, rather they argue that there is a controversy regarding whether they received *any* form of compensation for the overtime work performed. Id. at 9.

However, the Court already addressed this issue in its Opinion and Order. The Court deemed as admitted facts that Plaintiffs received at least *some* monetary compensation for overtime work performed. (Docket No. 46 at 15-19, ¶¶ 37, 46, 56, 64, 72 and 80). Moreover, whereas Plaintiffs claim that the "[u]nder-recording hours of compensatory time from Plaintiffs both deprives them of the ability to "cash in" that time and undermines their progress towards overtime benefits that are compensable with dollars," Plaintiffs have yet to proffer evidence as to how this alleged

miscalculation of hours occurred. Instead, they contend that Pagán-Poratta's testimony is sufficient to sustain allegations of miscalculated hours. The *Reconsideration* includes the same exhibits, i.e. Plaintiffs' timesheets from the relevant time, that Defendants originally provided to support their Statement of Uncontested Facts at Docket No. 25. While Plaintiffs attached the timesheets to show that the Municipality allegedly miscalculated Plaintiffs hours, the timesheets also show that the Municipality did record the 3.5 hours of approved overtime. (Docket No. 48-1). It is worth noting that Plaintiffs conceded this last point in their *Reconsideration* and Defendants highlighted this concession in their *Opposition*. (Docket Nos. 48 at 8 and 49 at 9). S*ee* Liu, 553 F.3d at 39. Further, Plaintiffs' *Reply to Opposition* only includes Plaintiffs' timesheets with handwritten comments as to how many hours were allegedly unrecorded. (Docket Nos. 50-2 to 50-7). Plaintiffs however had already proffered these documents to the Court when they filed their *Response to Defendants' Statement of Uncontested Material Facts* at Docket No. 35. (Docket Nos. 35-2 to 35-7).

Thus, the arguments set forth in Plaintiffs' *Reconsideration* and in their *Reply to Opposition* are based on formerly available evidence which was already presented and analyzed by this Court in its Opinion and Order at Docket No. 46. Defendants posit the same in their *Opposition*. (Docket No. 49 at 6). Therefore, Plaintiffs

can no longer raise these arguments. *See* Pérez-Greaux, 382 F.Supp.3d at 177 (citing Iverson v. City of Boston, 452 F. 3d 94, 104 (1st Cir. 2006)).

With regards to Pagán-Porrata's unsworn statement, in their *Reconsideration*, Plaintiffs aver that it is not a sham affidavit because she never changed her testimony; rather, she always stated that she reported her overtime hours. (Docket No. 48 at 11). While this may be true, as Defendants posit in their *Opposition*, Pagán-Porrata nonetheless included new facts in her statement which were not contained anywhere else on the record. (Docket No. 49 at 8). As this Court **already addressed** in its Opinion an Order, the unsworn statement included by Plaintiffs at Docket No. 35-1 **was the first instance on record** wherein Pagán-Porrata explained that Sergeant Carlos Borges told Plaintiffs to stop turning in their worksheets regarding canine maintenance hours. (Docket No. 46 at 28-29). This new fact, coupled with the suspect timing of the affidavit, "raises serious concerns as to [its] validity and authenticity." Vargas v. Laguer, 2017 WL 1230303, at *3 (D.P.R. 2017). Likewise, this District has held that the addition of new facts in an affidavit without explanation, "pushes" a sworn statement "off the table." *See* Rodriguez-Soto v. Presbyterian Med. Anesthesia Grp., 2019 WL 1349991, at *4 (D.P.R. 2019) (holding that the declaration in controversy constituted a sham affidavit because it included "**new facts that [were] not contained in the**

**rest of the evidence of record**," its timing was concerning and plaintiff failed to provide an adequate explanation for the change in testimony).

In their *Reconsideration*, Plaintiffs failed to explain why Pagán-Porrata's sworn statement added this new fact and why the statement was only filed once Defendants filed their *Motion for Summary Judgment*. *See* Escribano-Reyes v. Prof'l Hepa Certificate Corp., 817 F.3d 380, 387 (1st Cir. 2016) ("Escribano presents no satisfactory explanation for the inconsistencies created by his eleventh-hour filing. […] [He] cannot blame opposing counsel for his failure to marshal the evidence he required. […] [T]the district court acted within its discretion in striking Escribano's sworn statement.") Plaintiffs were made aware of this lack of explanation in the Court's Opinion and Order and they nevertheless failed to provide the Court with an adequate explanation in their *Reconsideration*. (Docket No. 46 at 28-29). Therefore, the Court properly excluded Pagán-Porrata's unsworn statement under the sham affidavit doctrine as it was intended solely to introduce new facts with the aim of defeating a summary judgment.

Having already addressed Plaintiffs' arguments in the Court's decision at Docket No. 46, the Court **AFFIRMS** its Opinion and Order granting summary judgment against Plaintiffs and dismissing all claims against Defendants (Docket Nos. 46 and 47, respectively).

**IV.  CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiffs' *Motion for Reconsideration* (Docket No. 48).

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 21st day of October 2019.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
